**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald M Amerson, et al., | No. CV-22-08117-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Yavapai, et al., | |
| Defendants. | |

The matter is before the Court on Defendant Yavapai County Board of Supervisors' Motion to Dismiss for Failure to State a Claim (Doc. 6) and Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Motion to Dismiss (Doc. 7). This civil action originated in Yavapai County Superior Court where Plaintiffs filed their complaint on March 21, 2022. (Doc. 1 at 1.) The Yavapai County Board of Supervisors subsequently filed a Notice of Removal with this Court. (Doc. 1.) For the ensuing reasons, the Court shall require supplemental briefing before addressing the matter.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be raised by a district court *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a

challenge from any party." *Id.*; *see United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (finding that a district court "had a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise the issue or not"); *see also* Fed. R. Civ. P. 12(h)(3) (requiring a district court to dismiss an action if subject matter jurisdiction is lacking).

In determining whether subject matter jurisdiction exists, the Court "considers only 'the pleadings filed at the time of removal without reference to subsequent amendments.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)). The general rule, known as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of 28 U.S.C. § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense. *Id.* at 393. The federal removal statute, 28 U.S.C. § 1441, provides that a case must be "fit for federal adjudication at the time [a] removal petition is filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Should a party remove a case that is not fit for federal adjudication, that party violates § 1441(a) and a district court must generally remand to state court. *See City of Oakland*, 969 F.3d at 910.

Here, it is unclear whether Plaintiffs' complaint raises a federal question. In their civil cover sheet filed in Yavapai County Superior Court, Plaintiffs indicate that the nature of the action is for intentional tort, defamation, and some other unspecified civil tort. (Doc. 1-1 at 2.) In their complaint, Plaintiffs primarily allege the state law tort of intentional infliction of emotional distress, and only twice mention the Americans with Disabilities Act ("ADA"). (*Id.* at 6-8.) Specifically, Plaintiffs state that being informed of the rescheduling of a hearing thirty minutes prior to its start "is [a] direct violation of the ADA." (*Id.* at 7.) Yet, in the same paragraph, Plaintiffs seem to suggest that this purported violation of the ADA supports their claim of intentional infliction of emotional distress. (*Id.*) Thus, it is unclear to the Court whether Plaintiffs' mention of the ADA merely forms

part of their state law intentional infliction of emotional distress claim or if Plaintiffs are pleading a separate and distinct ADA cause of action. Also, in the "applicable law supporting claims" section of their complaint, Plaintiffs only list the elements of the tort of intentional infliction of emotional distress and do not list the ADA or any other federal law. (*Id.* at 9.) As such, the Court is left to speculate whether Plaintiffs intend to bring an ADA claim at all.

Accordingly,

**IT IS ORDERED** that by Monday, September 19, 2022, the parties shall file supplemental briefing, not to exceed ten (10) pages, addressing whether the Court has subject matter jurisdiction in this action.

**IT IS FURTHER ORDERED** that Plaintiffs shall, in their supplemental briefing, specifically address whether they are bringing a federal cause of action under the Americans with Disabilities Act, or any other federal law, or whether they merely intend to maintain an action for the state law tort of intentional infliction of emotional distress.

Dated this 8th day of September, 2022.

Michael T. Liburdi
United States District Judge