**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald M Amerson, et al., | No. CV-22-08117-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Yavapai, et al., | |
| Defendants. | |

**I.**

The matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6) and Plaintiffs' Motion for Sanctions and Motion to Strike Defendants' Motion to Dismiss (Doc. 7). The instant action originated in Yavapai County Superior Court where Plaintiffs filed their Complaint on March 21, 2022. (Doc. 1 at 1.) Defendants subsequently filed a Notice of Removal with this Court. (Doc. 1.) The Court's previous Order required the parties to file supplemental briefing addressing whether the Court has subject matter jurisdiction over this action. (Doc. 14.) For the following reasons, the Court finds that subject matter jurisdiction exists and grants Defendants' Motion to Dismiss.*

**II.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction involves a court's power to

---

* Oral argument would not have aided the Court's decisional process. *See Patridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

hear a case, and it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). To determine whether subject matter jurisdiction exists, the Court "considers only 'the pleadings filed at the time of removal without reference to subsequent amendments.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)). The general rule, known as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of 28 U.S.C. § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nonetheless, federal courts are charged with liberally construing the "inartful pleading of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal marks and citations omitted).

Here, Plaintiffs' supplemental briefing makes clear that Plaintiffs intend to bring a "federal cause of action under the Americans with Disabilities Act." (Doc. 16 at 1.) Despite making only a passing reference to the Americans with Disabilities Act ("ADA"), the Court, applying a liberal construction of the Complaint, concludes that Plaintiffs assert an ADA claim – thus conferring jurisdiction. *See Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."). The Court has supplemental jurisdiction over the related state law intentional infliction of emotional distress claim as it stems from the same common nucleus of operative fact. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

**III.**

Defendants' Motion to Dismiss is well taken. A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than mere possibility. A plaintiff is required to provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs' Complaint fails to meet these standards. The Complaint makes one passing reference to the ADA, followed, two paragraphs later, by a bare conclusory allegation that being informed of the continuation of a hearing constitutes a "direction violation of ADA (sic)." (Doc. 1-1 at 7.) From what the Court can ascertain, Plaintiffs' ADA claim relates to the duty to provide reasonable accommodation or reasonable modification for disabled persons under Title II of the ADA. *See* 42 U.S.C. § 12132. The duty to provide such accommodations or modifications arises when a policy, practice or procedure discriminates based on disability. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 979 (9th Cir. 1997). But Plaintiffs' Complaint leaves the Court guessing as to what the requested accommodation was and how Defendants failed to provide it, let alone what policy, practice, or procedure discriminated on the basis of disability. Plaintiffs' sole conclusory allegation does not plausibly allege an ADA violation.

The Complaint also fails to plausibly allege intentional infliction of emotional distress. Plaintiffs' Complaint is rife with conclusory allegations – often, merely reciting an element of the claim. For example, Plaintiffs say that an email was sent "with the intent to inflict emotional stress." (Doc. 1-1 at 7.) Also, Plaintiffs summarily assert that service of a notice of a property violation constitutes "proof of intentional infliction of emotional stress." (*Id.*) These unadorned allegations fail to meet the pleading standards set forth in *Twombly* and *Iqbal*.

Plaintiffs will be granted leave to file an amended complaint. The amended complaint must aver sufficient facts to plausibly state claims under the ADA and the Arizona common law action for intentional infliction of emotional distress. It also appears that Plaintiff Van Hoang Cao is not a proper plaintiff in this action. The Complaint provides no indication of any injury to her. In their amended complaint, Plaintiffs shall clarify the basis for Plaintiff Cao's claims.

Plaintiffs have filed a Motion to Strike and Motion for Sanctions (Doc. 7), as well as a Motion to Amend (Doc. 9.). These motions are mooted by the instant Order.

## IV.

Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss. (Doc. 6.)

**IT IS FURTHER ORDERED** dismissing as moot Plaintiffs' Motion to Strike Defendants' Motion to Dismiss and Motion for Sanctions. (Doc. 7.)

**IT IS FURTHER ORDERED** dismissing as moot Plaintiffs' Motion to Amend. (Doc. 9.)

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint with leave to amend. Plaintiff may file an amended complaint within three (3) weeks of this order.

Dated this 22nd day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge